NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HONE,<br><br>   *Plaintiff*,<br><br>v.<br><br>ANNE E. THOMPSON, et al.,<br><br>   *Defendants*. | Civil Action No. 21-4991<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Plaintiff Richard Hone seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

  Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

  When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Through this matter, Plaintiff is largely challenging United States District Court Judge Anne Thompson's decision in a different case brought by Plaintiff. Although Plaintiff provides few details about the underlying matter, it appears that Judge Thompson screened Plaintiff's

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the complaint. D.E. 1 at 4, ¶ 2. Plaintiff now seems to allege that Judge Thompson conspired with state court judges, who were defendants in the underlying matter, to violated Plaintiff's due process rights. *Id.* Plaintiff names Judge Thompson and two other defendants, who are presumably the state court judges in the underlying matter. Plaintiff states that he is asserting a *Bivens* claim, in addition to claims pursuant to 42 U.S.C. § 1983, based on violations of the Ninth and Fourteenth Amendments. D.E. 1 at 3. Specifically, Plaintiff alleges the Defendants conspired to deny Plaintiff of his due process and fair hearing rights. *Id.* at 6.

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018). Thus, *Bivens* is essentially a "federal analog" to suits brought against state officials under Section 1983. *Ashcroft*, 556 U.S. at 675 (2009). While not set forth in Plaintiff's pleading, the Court assumes that Plaintiff

intends to assert his *Bivens* claim against Judge Thompson, who is a federal judge, and his Section 1983 claims against the state court judge Defendants, who are presumably state actors.

Turning first to Plaintiff's *Bivens* claim, Plaintiff asserts that Defendants violated his Ninth and Fourteenth Amendment rights. D.E. 1 at 3. But the Supreme Court has only approved of *Bivens* action in three contexts: (1) a violation of Fourth Amendment search and seizure protections, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971); (2) a violation of Fifth Amendment due process protections (against gender discrimination), *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) a violation of Eighth Amendment protections against cruel and unusual punishment (in not providing a prisoner adequate medical treatment), *Carlson v. Green,* 446 U.S. 14, 19 (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Thus, Plaintiff fails to allege that Judge Thompson violated any constitutional right that could lead to cognizable *Bivens* claim and fails to provide any authority even suggesting that a *Bivens* claims is appropriate. In fact, outside of these three instances, the Supreme Court has made clear that expanding the *Bivens* remedy "is a disfavored judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (internal quotations omitted).

In addition, even if Plaintiff did have an appropriate vehicle to bring his claims, Plaintiff fails to sufficiently allege facts to support his claim. In fact, Plaintiff's allegations are largely conclusory, caustic, and legally erroneous. Plaintiff's claim against Judge Thompson appears to be that when screening the complaint in the underlying matter pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge Thompson incorrectly dismissed Plaintiff's claim based on judicial immunity. D.E. 1 at 4. "A District Court may dismiss a complaint sua sponte on the immunity

4

grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit." *McDeavitt v. McCarthy*, 767 F. App'x 365, 367 (3d Cir. 2019); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (explaining that a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief.").

First, Plaintiff misstates the standard under § 1915(e)(2)(B). He claims that the section only applies to cases that are frivolous or clearly baseless. D.E. 1 at 4 ¶ 2. This statement is wrong as a matter of law. The statute clearly indicates that a federal court must also screen a complaint to determine if "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Second, Plaintiff complains that Judge Thompson made him try his case before the defendants responded. D.E. 1 at 4 ¶ 2. Plaintiff is again incorrect as a matter of law. In screening a complaint, a federal court is determining the sufficiency of the complaint. In other words, the screening process concerns pleadings not trials. And to the extent that Plaintiff is complaining that Judge Thompson screened his complaint, that is exactly what she was required to do under the law.

Third, Plaintiff's allegations of a conspiracy are entirely conclusory. Plaintiff essentially argues that because Judge Thompson screened his complaint and ruled against him, Judge Thompson was engaged in a conspiracy. *Id.* That is the sum and substance of Plaintiff's conspiracy allegations, which fall well short of being plausible. As for Plaintiff's claims against the remaining Defendants, although Plaintiff alleges that they conspired to violate his Ninth[1] and

---

[1] Plaintiff fails, even in a conclusory fashion, to indicate any basis for a claim under the Ninth Amendment.

5

Fourteenth Amendment rights, Plaintiff fails to sufficiently allege any facts about their allegedly wrongful conduct. In fact, outside of the conclusory allegation that Defendants conspired to deny Plaintiff's due process and fair hearing rights, Plaintiff provides no information to establish that a conspiracy existed or what Defendants even did wrong.

Finally, given the fact that Judge Thompson's alleged wrongdoing stems from her decision to dismiss the underlying complaint, judicial immunity is applicable. "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Accordingly, judges are generally immune from a suit for money damages that challenges their conduct as a judge. *Id.*

Plaintiff asserts that judicial immunity does not apply. D.E. 1 at 4-5. Once again, Plaintiff is wrong as a matter of law. Plaintiff claims that his injuries consist of "extreme emotional trauma" and seeks "[$]50 million in compensatory + punitive damages." D.E. 1 at 7. The case on which Plaintiff relies, *Pulliam v. Allen*, 466 U.S. 522 (1984), addresses *prospective injunctive* relief. Here, Plaintiff seeks money damages. Moreover, *Pulliam*, was decided under Section 1983 rather than *Bivens*. Most importantly, after *Pulliam*, Congress enacted the Federal Courts Improvement Act of 1996, Pub. L. 104-317, which amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Thus, the section of *Pulliam* on which Plaintiff relies has been overturned by statute.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The

district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint solely as to the state court judge Defendants. Plaintiff's claims against Judge Thompson, however, will be dismissed with prejudice because Judge Thompson is immune from claims related to work performed within her judicial capacity. Accordingly, any claim against Judge Thompson would be futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein, but only as to the state court judge Defendants.

However, before filing an amended complaint, Plaintiff should be aware of at least two potential issues. First, to the extent Plaintiff is making allegations and claims against the state judges which Judge Thompson already found insufficient, any amended complaint would be dismissed on grounds of claim preclusion. The appropriate relief for Plaintiff, if he disagreed with Judge Thompson's decision, was to file a motion for reconsideration or to file an appeal with the United States Court of Appeals for the Third Circuit.

In addition, assuming that an amended complaint would not address matters already decided by Judge Thompson, if Plaintiff's allegations against the state judges stem from their decisions or role as judges, this Court will also conclude that the state court judge Defendants are immune from suit.

Accordingly, and for good cause shown,

IT IS on this 29th day of March, 2021,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Richard Hone's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Complaint against Judge Thompson is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above as to the remaining Defendants. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.