NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

    *Plaintiff*,

v.

ANNE E. THOMPSON, et al.,

    *Defendants*.

Civil Action No. 21-4991

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    The Court previously granted *pro se* Plaintiff Richard Hone's application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E. 3 ("Prior Opinion" or "Prior Op."). The Court granted Plaintiff leave to file an amended complaint that cured the deficiencies noted in the Court's Prior Opinion. Plaintiff filed an Amended Complaint, but he did so under a different docket number, Civil Action. No. 21-9544. The Court first orders the Clerk's Office to refile his Amended Complaint under Civil Action No. 21-4991 and to close Civil Action No. 21-9544. The Court has screened the Amended Complaint and now dismisses it with prejudice.

    In its Prior Opinion, the Court set forth the governing legal standards, the factual allegations, and a detailed analysis. Prior Op. at 1-7. Plaintiff repeats all of the same allegations that the Court previously considered and rejected. Am. Compl. at 5-9. As a result, the Court fully incorporates its Prior Opinion here.

The Amended Complaint, however, also adds some new allegations. Plaintiff's new factual allegations are (1) that a crime can be the basis of a civil rights violation, and he alleges the crime of conspiracy and forgery; (2) the judges conspired "OUTSIDE OF THE ROBE" and "outside of normal hours" to deny Plaintiff his civil rights (apparently because Plaintiff is "so outspoken about judicial corruption" in Ocean County); (3) "Morris" forged Plaintiff's signature to deny him his rights and conspire with others, including judges; (4) Judge Thompson "has no clue about Civil Rights" and is prejudiced against Plaintiff because he is "White"; and (5) Judge Thompson is part of the conspiracy because she mailed Plaintiff's notice to him late. Am. Compl. at 5-6.

The numerous legal errors cited by the Court in its Prior Opinion remain. In addition, the new allegations are not sufficiently pled. Instead, Plaintiff alleges in wholly conclusory fashion that his rights were violated through a conspiracy. The only specific factual allegation is that someone forged Plaintiff's name on a document, but even this allegation is devoid of factual support. The Amended Complaint is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). The Court finds that any attempted amendment would be futile. In the Prior Opinion, the Court set forth the governing legal standards and explained the shortcoming of Plaintiff's Complaint. Plaintiff does not attempt to fix, in the Amended Complaint, *any* (much less all) of the deficiencies previously noted by the

Court. In fact, the Amended Complaint reasserts *all* of the facts that were previously found deficienciet. As to the new factual allegations in the Amended Complaint, they fall well short of the federal pleading standard. As a result, the Court concludes that Plaintiff has not rectified the shortcomings listed in the Prior Opinion because Plaintiff is unable to do so. As a result, any future amendment would be futile.

Accordingly, and for good cause shown,

IT IS on this 21st day of April, 2021,

**ORDERED** that Clerk's Office shall refile the Complaint under Civil Action No. 21-9544 as an Amended Complaint under Docket No. 21-4991; and it is further

**ORDERED** that the Clerk's Office shall also file a copy of this Opinion and Order under both Civil Action No. 21-9544 and Civil Action No. 21-4991; and it is further

**ORDERED** that the Clerk's Office shall close Civil Action No. 21-9544; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

$\underline{\hspace{3cm}}$
John Michael Vazquez, U.S.D.J.